IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON WEBB | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-2259-D |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Clinton Webb, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner is serving two concurrent life sentences--one for murder and one for aggravated robbery with a deadly weapon. Both offenses were committed in 1985. When petitioner became eligible for parole in May 2005, the parole board denied him early release and scheduled his next review for May 1, 2010. Petitioner challenged his set-off date in an application for state post-conviction relief. The application was denied without written order. *Ex parte Webb*, No. 18534-09 (Tex. Crim. App. Nov. 15, 2006). Petitioner then filed this action in federal district court.

II.

In one broad ground for relief, petitioner contends that he is entitled to an annual parole review and that Tex. Gov't Code § 508.141(g) and Tex. Admin. Code § 145.12, which allow the parole board to set-off a review date for up to five years, are unconstitutional.

A.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) (no constitutional right to early release on parole). However, a state may not apply the parole laws retroactively. *See Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). In the parole context, a change in the law violates the *ex post facto* clause of the United States Constitution if it "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Chambers v. Dretke*, No. H-05-2238, 2005 WL 2045460 at *1 (S.D. Tex. Aug. 24, 2005), *citing California Dept. of Corrections v. Morales*, 514 U.S. 499, 506 n.3, 115 S.Ct. 1597, 1602 n.3, 131 L.Ed.2d 588 (1995).

B.

The parole law in effect at the time petitioner committed his underlying offenses provided, in pertinent part:

> Within one year after a prisoner's admittance to the penal or correctional institution and at such intervals thereafter, as it may determine, the [Parole] Board shall secure and consider all pertinent information regarding each prisoner, except any under sentence of death, including the circumstances of his offenses, his previous social history and criminal record, his conduct, employment and attitude in prison, and the report of such physical and mental examinations as have been made.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(e) (Vernon 1985), *repealed by* Acts 1985, 69th Leg., ch. 427, § 1, *eff.* Sept. 1, 1985. As the Fifth Circuit has noted, article 42.12, § 15(e) did not mandate an annual review of parole eligibility. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir.), *cert. denied*, 115 S.Ct. 1706 (1995). Instead, the statute required

only that the parole board grant review to a prisoner within one year of his admittance to a penal institution. *See Creel*, 42 F.3d at 957. After the initial review, the parole board had full discretion to determine the frequency of further reviews. *Id.*

Senate Bill 917, which is codified at Tex. Gov't Code § 508.141(g), and Tex. Admin. Code § 145.12, do not negatively affect petitioner's eligibility for parole review. Under the new Government Code provision:

> The board shall adopt a policy establishing the date on which the board may reconsider for release an inmate who has previously been denied release. The policy must require the board to reconsider for release an inmate serving a sentence for an offense listed in Section 508.149(a) during a month designated by the parole panel that denied release. The designated month must begin after the first anniversary of the date of the denial and end before the fifth anniversary of the date of the denial. The policy must require the board to reconsider for release an inmate other than an inmate serving a sentence for an offense listed in Section 508.149(a) as soon as practicable after the first anniversary of the date of the denial.

TEX. GOV'T CODE ANN. § 508.141(g) (Vernon 2007).[1] The policy adopted by the parole board pursuant to this statute provides, in relevant part:

> A case reviewed by a parole panel for parole consideration may be:
>
> * * * *
>
> denied a favorable parole action at this time and set for review on a future specific month and year (Set-Off). The next review date (Month/Year) for an offender serving a sentence listed in §508.149(a), Government Code, may be set at any date after the first anniversary of the date of denial and end before the fifth anniversary of the date of denial. The next review date for an offender serving a sentence not listed in §508.149(a), Government Code, shall be as soon as practicable after the first anniversary of the denial.

---

[1] Petitioner is serving concurrent life sentences for murder and aggravated robbery with a deadly weapon, both of which are offenses listed under Tex. Gov't Code § 508.149(a).

37 TEX. ADMIN. CODE ANN. § 145.12 (Vernon 2007). Neither Tex. Gov't Code § 508.141(g) nor Tex. Admin. Code § 145.12 violate the *ex post facto* clause. Rather, these new laws "merely change[] the rules governing the timing of subsequent parole reviews." *Chambers*, 2005 WL 2045460 at *2; *see also Mondy v. Quarterman*, No. 3-06-CV-2314-P, 2007 WL 30263 at *2 (N.D. Tex. Jan. 4, 2007). The only difference between the prior law and the new law is that the board must now review a prisoner's parole eligibility at least every five years--a change that is more favorable to petitioner. This ground for relief should be overruled.

C.

Petitioner further contends that the new parole laws constitute an illegal bill of attainder, violate due process, and amount to cruel and unusual punishment. A bill of attainder is a legislative act which inflicts punishment without a judicial trial against an identifiable person or group. *See Shankles v. Director, TDCJ-ID*, 877 F.Supp. 346, 352 (E.D. Tex. 1995) (citing cases).[2] Here, petitioner fails to allege, much less prove, that the new parole laws target him specifically. To the contrary, the laws governing parole eligibility reviews apply to all prisoners. Nor has petitioner sufficiently alleged a due process violation. The protections of the due process clause are involved "only . . . when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 208 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997). Because there is no liberty interest in parole release under Texas law, petitioner cannot challenge the state parole review procedures on due process grounds. *See Chambers*, 2005 WL 2045460 at *2, *citing Sandin v. Conner*, 515 U.S. 472, 486, 115 S.Ct. 2293,

---

[2] *Shankles* notes that there are only five reported cases where the United States Supreme Court has found a statutory act to be an impermissible bill of attainder. *Shankles*, 877 F.Supp. at 352, *citing United States v. Brown*, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965); *United States v. Lovett*, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946); *Pierce v. Carskadon*, 83 U.S. (16 Wall.) 234, 21 L.Ed. 276 (1873); *Ex Parte Garland*, 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1867); *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 18 L.Ed. 356 (1867).

2301, 132 L.Ed.2d 418 (1995). Finally, petitioner's continued incarceration resulting from his inability to obtain an annual parole review does not constitute cruel and unusual punishment under the Eighth Amendment. *See Nelson v. Strang*, 67 Fed.Appx. 247, 2003 WL 21145660 at *1 (5th Cir. Apr. 28, 2003), *citing Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (holding that Eighth Amendment violation occurs only where a condition of confinement is so serious as to "deprive prisoners of the minimal civilized measure[s] of life's necessities").

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE